**E-FILED ON 6/2/05**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TELESHUTTLE TECHNOLOGIES LLC, TELESHUTTLE CORPORATION, and BTG INTERNATIONAL, INC.,<br><br>Plaintiffs,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | No. C04-02927 JW (HRL)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART TELESHUTTLE'S MOTION TO COMPEL DISCOVERY; (2) DEFERRING A RULING ON DAMAGES DISCOVERY; AND (3) GRANTING MICROSOFT'S MOTION FOR LEAVE TO FILE A SURREPLY**<br><br>**[Re: Docket Nos. 61, 85]** |

On May 31, 2005, this court heard the "Motion to Compel Entry of a Protective Order and to Compel Responses to Discovery Requests and Production of Documents" filed by plaintiff Teleshuttle.[1] Defendant Microsoft Corporation ("Microsoft") opposed the motion. Upon consideration of the papers presented, as well as the arguments of counsel, the court issues the following order.

This is a patent infringement action. Teleshuttle claims that Microsoft infringes U.S. Patent No. 6,125,388, U.S. Patent No. 6,611,862 and U.S. Patent No. 6,658,464 (collectively, the "patents-in-suit"). According to Teleshuttle, the patents-in-suit "include systems for facilitating the transmission (or transport) of data between one computer, such as a source computer (e.g., publishers or distributors) and another computer, such as a user station (e.g., a personal computer)." (Mot. at p. 2). It claims

---

[1] For convenience, the court refers to all plaintiffs collectively as "Teleshuttle."

1  that the patents-in-suit are infringed by Microsoft products with an active desktop feature and/or that
2  are capable of accessing offline webpages and/or offline files. (*See id*.). Microsoft asserts affirmative
3  defenses of, among others, invalidity, non-infringement and unenforceability. It also asserts
4  counterclaims seeking a declaratory judgment that the patents-in-suit are invalid, unenforceable and
5  not infringed.

6  1. Preliminarily, the court notes that although both parties appear to have conferred with
7  one another on the issues, those negotiations were not as fruitful as they might have been. The matters
8  in dispute have been somewhat of a moving target, and better meet/confer efforts might have obviated
9  the need for motions practice – or at least refined the issues for the court's consideration. At this time,
10 the court is not saying that one party is more to blame than the other. Nevertheless, it is hoped that the
11 parties' meet/confer efforts on any future discovery dispute will be much improved so as to avoid the
12 needless expenditure of time and resources by the parties and the court.

13 2. Teleshuttle's motion for the entry of a protective order is DENIED AS MOOT. The
14 parties confirmed that they have resolved their dispute as to this issue.

15 3. Teleshuttle's motion to compel as to Document Request Nos. 1-3, 5, 10 and 12 and
16 Interrogatory Nos. 1-3 is DENIED AS MOOT. The parties confirmed that they have resolved their
17 dispute as to these requests.

18 4. As for Document Request No. 4, Teleshuttle moves to compel the production of
19 "[e]ach version of software code for the active desktop feature of Microsoft software products and
20 the features used by Microsoft software products to access offline webpages and offline
21 files," as well as "documents sufficient to identify, describe, and explain the design, configuration,
22 structure, operation, and functionality of the software code." (*See* McCauley Decl., Ex. 14 at p. 6).

23 With respect to the requested software code, Teleshuttle complains that Microsoft has
24 improperly limited its production to the accused products specified in Teleshuttle's Preliminary
25 Infringement Contention.[2] Indeed, in its opposition brief, Microsoft argued that it is not obliged to

---

[2] Teleshuttle's Preliminary Infringement Contention identifies the following accused products: Windows 95, Windows 98, Windows 98 Second Edition, Windows 2000, Windows 2000 Professional, Windows NT Workstation, Windows Millenium Edition (Windows Me), Windows XP (Professional and Home Editions) and Microsoft Internet Explorer (Versions 4 and

2

produce discovery of "non-accused technology" as opposed to the accused "products" identified by Teleshuttle. However, at the hearing, Microsoft's counsel acknowledged that this objection exalts form over substance. He further stated that Microsoft has produced source code for all technologies, specifically representing that "all of the source code for the offline browsing and active desktop features of the various Windows and Internet Explorer versions, going beyond just those versions identified as accused products" have been produced. Based upon Microsoft's representations, there appear to be no outstanding issues as to the requested source code. Accordingly, Teleshuttle's motion is DENIED as MOOT.

As for the other requested documents, Teleshuttle seeks things other than source code – e.g., diagrams, flow charts, schematics, and the like – which are "sufficient to identify, describe, and explain the design, configuration, structure, operation, and functionality of the software code." At the hearing, Microsoft's counsel stated that Microsoft is still in the process of searching for such documents. He further represented that while Microsoft does not claim that such documents do not exist, to date, it has not found any. Microsoft expects that it will have completed a reasonable search by the end of this week. In any event, Microsoft agrees that plaintiffs are entitled to such documents, and there is no dispute that any responsive documents shall be produced to Teleshuttle.

Accordingly, Teleshuttle's motion as to the requested documents is GRANTED. No later than **June 14, 2005**, Microsoft shall produce all responsive documents, if any, which are "sufficient to identify, describe, and explain the design, configuration, structure, operation, and functionality of the software code." To the extent Microsoft has no such documents, then it shall so certify by **June 14, 2005**, specifically attesting that it has conducted a reasonable search for responsive documents, and that none were found.[3]

---

higher). (*See* McCauley Reply Decl., Ex. 3 at p. 3).

[3] In its reply brief, Teleshuttle appeared to raise new issues or arguments as to the production of Microsoft's source code and related documents. Accordingly, Microsoft's motion for leave to file a surreply is granted. Nonetheless, at the hearing, Teleshuttle's counsel confirmed that any issues as to Microsoft's source code and related documents were fully addressed elsewhere in its moving papers (e.g., in connection with Teleshuttle's Document Request No. 4), and that it did not intend to raise new issues as to these items in its reply brief. Teleshuttle also confirmed that it inspected Microsoft's source code before filing its reply brief, and that there is no issue for the court to resolve as to the availability of Microsoft's code.

5.   As for Interrogatory No. 4,[4] Teleshuttle seeks an order compelling Microsoft to identify the basis for its counterclaims of non-infringement. Microsoft apparently provided a supplemental answer to this interrogatory after Teleshuttle filed its reply brief. Thus, this court has not reviewed Microsoft's supplemental written response. Nonetheless, as stated at the hearing, Microsoft's position is that (1) Microsoft believes that there is no infringement because, as set out in its Preliminary Invalidity Contentions, the patents-in-suit are invalid; and (2) until the District Court issues its claim construction ruling(s), Microsoft does not know whether or not it infringes the asserted patent claims. Teleshuttle nonetheless argues that Microsoft's answer is premised upon an incorrect legal principle – namely, that invalid claims cannot be infringed. It further argues that Microsoft should be ordered to provide an explanation why, based on its proposed construction of the asserted claims,[5] Microsoft believes that there is no infringement.

Teleshuttle argues that the notion that an invalid patent cannot be infringed has been rejected as a legal principle. The general sentiment underlying the cases cited by Teleshuttle, however, is that invalidity and infringement are separate inquiries; and that while an invalid claim can be infringed, such infringement is of no consequence. *See, e.g., Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1535 (Fed. Cir. 1987) (characterizing a jury instruction that "invalid claims cannot be infringed" as a "nonsense statement" which "does not operate to convert the interrogatories on infringement into general verdicts which subsumed all of [plaintiff's] invalidity defenses . . .."); *Applera Corp. v. MJ Research, Inc.*, No. 3:98CV1201, 2004 WL 367616, (D. Conn. Feb. 24, 2004) (noting that

---

[4]   Interrogatory No. 4 asks Microsoft to:

> Describe in detail all factual and legal bases for the contentions in Paragraphs 8, 14 and 20 of Microsoft's Counterclaim for Declaratory Judgment, alleging that Microsoft does not infringe the asserted claims of the patents-in-suit, and identify all documents, software, communications, and other information on which Microsoft intends to rely to support these contentions and the persons most knowledgeable about such factual and legal bases.

(*See* McCauley Decl., Ex. 13 at p. 3).

[5]   The District Court has ordered that claims construction will proceed in four stages. Thus far, the parties have submitted briefs and the court has held at least one hearing as to phase one – i.e., the independent apparatus claims of the patents-in-suit.

4

"'[t]hough an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity'") (quoting *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983).

In any event, based on the arguments presented at the hearing, it appears that Microsoft has no additional responsive information to provide. Indeed, its counsel conceded that Microsoft has no other basis for its noninfringement counterclaim at this time. Moreover, the court is unpersuaded by Teleshuttle's general assertion that compelling such information now could narrow the issues in dispute. As such, the motion is DENIED; however, the denial is without prejudice. Microsoft has a continuing duty in any event to supplement its discovery responses as necessary. *See* Fed.R.Civ.P. 26(e).

6. With respect to the so-called "damages discovery" (i.e., Document Request Nos. 6-9 and 11), the court will defer ruling on these requests until after the June 14, 2005 hearing on Microsoft's pending motion to stay discovery on damages.[6]

Teleshuttle claims that the District Court has already rejected Microsoft's request that all discovery on damages be stayed. Microsoft vigorously disputes this point. Suffice it to say that at present, there is no order ruling on the issue one way or another, and all discovery matters have been referred to this court for disposition.

Teleshuttle further argues that the timing of Microsoft's separate motion – which was filed on the same day as its opposition to the instant motion to compel – demonstrates improper gamesmanship. There was a period of several months between December 6, 2004 when Microsoft reportedly requested a stay of damages discovery and May 10, 2005 when Microsoft filed its motion for the same. Nevertheless, the record indicates that in the interim, the parties were attempting to negotiate a compromise as to this issue. As such, the court cannot conclude that Microsoft clearly acted improperly in filing its motion when it did.

---

[6] The parties dispute whether Document Request Nos. 6 and 11 call for information that relates solely to damages, and Teleshuttle further argues that Microsoft has waived any argument that these two requests are premature damages discovery. On the present motion, it is not clear how the parties are defining "damages discovery." In any event, Teleshuttle acknowledges that Document Request Nos. 6 and 11 call for some information pertaining to damages.

5

Moreover, Microsoft's motion as to the sequence of discovery will affect discovery in this action as well as in related case *Teleshuttle Technologies, LLC, et al. v. Microsoft Corp., et al.*, C04-02928 JW (HRL),[7] and this court is disinclined to issue a ruling now which might be construed as a de facto ruling on matters which have not been fully submitted.  Further, there are no looming case management deadlines or discovery cutoff dates in either action, and Teleshuttle will not be seriously impaired if the remaining issues in the instant motion are deferred for a couple of weeks.

Dated:  June 2, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[7]  Case C04-02928 involves an additional defendant: Apple Computer, Inc.

6

1  5:04-cv-2927 Notice will be electronically mailed to:

2  Jeffrey A. Berkowitz     jeffrey.berkowitz@finnegan.com, Ashley.cheung@finnegan.com

3  Michael J. Bettinger     mikeb@prestongates.com, perryb@prestongates.com;catherinep@prestongates.com;dinaf@prestongates.com

4  Elaine Y. Chow     echow@prestongates.com, perryb@prestongates.com;catherinep@prestongates.com

6  Patrick J. Coyne     patrick.coyne@finnegan.com,

7  Christopher P. Isaac     chris.isaac@finnegan.com, jeffrey.totten@finnegan.com

8  Lionel M. Lavenue     lionel.lavenue@finnegan.com,

9  Robert F. McCauley     robert.mccauley@finnegan.com, jay.nelson@finnegan.com;dawn.salazar@finnegan.com;laurie.hupman@finnegan.com;thuy.luu@finnegan.com;molly.melcher@finnegan.com

11  Myra Pasek     myrap@prestongates.com, krabine@microsoft.com;isabelfu@microsoft.com

12  Timothy P. Walker     timothyw@prestongates.com

13  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California