[COUNSEL LISTED ON SIGNATURE PAGE]

***E-FILED ON 6/14/05***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TELESHUTTLE TECHNOLOGIES, LLC, TELESHUTTLE CORPORATION, and BTG INTERNATIONAL INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　Defendant. | CASE NO. C 04-2927-JW (HRL)<br><br>~~[PROPOSED]~~ **PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS**<br><br>**(MODIFIED BY THE COURT)** |

Pursuant to Federal Rule of Civil Procedure 26(c), Teleshuttle Technologies, LLC, Teleshuttle Corporation, BTG International, Inc. (hereinafter collectively "Teleshuttle") and Microsoft Corporation (hereinafter "Microsoft") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1.      A party or nonparty (hereinafter collectively "designating party") may designate as confidential, in whole or in part, any document, thing, or information (collectively "material") that is confidential or that contains confidential information, which is to be disclosed or produced to a party or pursuant to a subpoena in this action.

2.      Any designating party shall have the right to designate as "CONFIDENTIAL" any material that constitutes or contains proprietary information, trade secret information, confidential business information, or other information that is not publicly known.

3.      Any designating party shall have the right to designate as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" any material that constitutes or contains highly sensitive financial information, licensing information, non-public ongoing patent prosecution information, or recent product information, technical information or research and development information, that will harm a designating party's competitive position if it becomes known to a person or party other than the designating party.

4.      Any designating party shall have the right to designate as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any material that constitutes or contains non-public source code of the designating party's software or computer applications.

5.     Designation shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other material in a conspicuous manner.  If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.  The marking shall state: 1) "CONFIDENTIAL" or other similar legend; 2) "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or other similar legend; or 3) "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" or similar legend.

6.     If during the course of a deposition taken in this action, any questions are to be asked or any answers are to be given regarding confidential material, then only persons designated in paragraphs 10-12 below, as appropriate, the deponent (and the deponent's counsel in the case of a separately represented nonparty), and the reporter and videographer are allowed to be present during such portion of the deposition.  This paragraph shall not be deemed to authorize disclosure of any confidential material to any person to whom disclosure is prohibited under this Order.

7.     For confidential material presented in a deposition, a designating party may (1) ask the reporter to clearly identify material designated as confidential in the transcript, such as by inserting a header or footer on each page that includes such material; or (2) have until fourteen (14) calendar days after receipt of the deposition transcript within which to inform the other parties, in writing, that portions of the transcript are designated confidential.  (If the designating party is a nonparty, such written notice shall be provided to all parties).

8.     No deposition transcript shall be disclosed to any person other than persons described in paragraphs 10-12 below, as appropriate, and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during the fourteen (14) calendar days after receipt of the transcript, and no person attending a deposition shall disclose the contents of the deposition to any person other than those described in paragraphs 10-12, as appropriate, during said fourteen (14) calendar days.  Upon being informed that certain portions of a deposition are designated as confidential, each party shall cause each copy of the transcript in its possession, custody or control to be marked in accordance with paragraph 5 of this Order, to the extent not already marked by the reporter.  Any deposition transcript, or portions of a deposition transcript, designated confidential

under this paragraph shall be subject to all other paragraphs in this Order affecting material so designated.

9. Designated material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action (except that materials produced and designated by Teleshuttle, Microsoft or third parties may also be used in connection with Case No. C04-2928-JW (HRL) and vice versa) and shall not be disclosed by the recipient to anyone other than those persons designated in paragraphs 10-12 below, as appropriate, unless and until the restrictions herein are removed by order of the Court or by written agreement of the parties.

10. **Unless otherwise ordered by the Court,** Access to material designated CONFIDENTIAL shall be limited to:

   a) the parties' outside counsel;

   b) the parties' in-house counsel, as differentiated from designated employees described in Paragraph 10(e);

   c) the clerical employees of such counsel listed in subparagraphs (a) and (b) (including secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case, as well as copying and graphics support contractors unaffiliated with the parties retained by outside counsel for a receiving party who execute Exhibit A to the protective order;

   d) nonparty experts or consultants, including their secretarial and clerical personnel, retained to assist counsel in this case and who become qualified to receive material designated under this Order in accordance with the procedure identified in paragraph 14 below;

   e) three designated employees of each party, as differentiated from in-house counsel described in paragraph 10(b), who, prior to disclosure of any designated material, shall sign an undertaking as set forth in Exhibit B below;

   f) court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Order and provided that they are provided designated material only to the extent necessary to perform their duties;

1   g)   the Court;

2   h)   Court personnel involved with this case; and

3   i)   members of the jury in this case.

4   11.   Access to material designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

5   ONLY will be treated with at least the same level of confidentiality as material designated

    **unless otherwise ordered by the Court,**

6   CONFIDENTIAL, and will be subject to the following additional restrictions:
    ^

7   a)   parties and employees of the parties, including their in house counsel, shall not be

8        provided access to such material .

9   12.   Access to material designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

10  ONLY - SOURCE CODE shall be subject to additional protections given the particularly sensitive

11  nature of the information.  A producing party may provide for on-site inspection of source code by

12  the inspecting party's outside counsel (who is not involved in patent prosecution as defined in

13  paragraph 13 below) and their expert(s) and/or consultant(s) (who are approved through the

14  procedures below)  on the respective producing parties' premises.  If a producing party provides for

15  on-site inspections of source code, the producing party shall allow such inspections upon reasonable

16  notice of the requested date(s) of inspection.  Pursuant to such inspection, the inspecting party's

17  outside counsel and expert(s) and/or consultant(s) may identify portions of source code it has

18  selected for production.  If the producing party objects to production of the selected portions, for

19  example on the basis that the inspecting party has designated portions unrelated to the issues in this

20  case, the parties will resolve the matter through a motion under the local rules.  Portions of source

21  code produced by a producing party shall be subject to additional restrictions set forth in this

22  paragraph. Nothing in this protective order shall obligate the parties to produce any source code nor

23  act as an admission that any particular source code is discoverable.

24  a)   In the case of production of source code portions in electronic form, counsel shall

25       comply with the following:

26  i)   Outside counsel of record shall maintain and store such material at their

27       offices in a manner that prevents unauthorized access, including without

28       limitation the following minimum safeguards:

      A)     Any external media (e.g., hard drives, DVDs) containing source code must be kept in a locked safe or storage cabinet when not connected to or inserted in the non-networked computer for viewing.  The external media must be disconnected from and/or removed from the non-networked computer and stored in such locked safe or cabinet when it is not actually being used to view the source code contained therein;

B) The non-networked computer and the safe or storage cabinet must be kept in a locked and secure room;

C) The locked room shall not be on the ground floor of the building.  Access to the floor on which the locked and secure room is located is permitted only via a key (or card) system;

D) Each consultant, expert, or attorney will record on a log every page of source code that has been printed ("print logs");

E) The non-networked computer and/or external media used to store the source code shall be password protected; and

F) The receiving party shall maintain and use PGP encryption software to protect the source code when said source code is not being accessed.

G) At the end of the case, any entity receiving source code will certify that: (a) all external media, print-outs, and copies containing source code have been destroyed, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (b) the hard drives of the non-networked computer and any other storage or memory media which may contain source code have been reformatted and destroyed; and (c) the access and print logs have been archived along with counsel's other records from this litigation.  Other than set forth in this subparagraph, counsel may not maintain a file copy of source code material.

    ii)    One electronic copy of the source code portions shall be produced directly to outside counsel of record for the requesting party;

       iii)    Each copy of the source code may be provided on or loaded onto a single, non-networked computer, respectively;

       iv)    No electronic copies, other than volatile copies necessarily made in the course of loading and accessing the source code on the non-networked computer, shall be made;

       v)    Any paper copies of portions of source code that are printed shall be printed onto paper marked "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" on each page;

       vi)    The requesting party shall maintain a log of all individuals who have accessed the code and make the log available for inspection at the request of the producing party. The log shall include the name of the person who accessed the material, a description of the code that was accessed (by description or bates range), and the date that the access was made; and

       vii)    If counsel desires to store and access such source code at a secure facility at a location other than the offices of outside counsel of record, counsel shall propose in writing to outside counsel of record for the designating party the precise location of the proposed secure facility. Source code shall not be taken to such new facility unless approved by the designating party.

   b)    In the case of production of source code portions in non-electronic form, counsel shall comply with the following:

       i)    Outside counsel of record shall maintain and store such material at their offices in a manner that prevents unauthorized access;

       ii)    One non-electronic copy of source code portions shall be produced directly to outside counsel of record for the requesting party;

       iii)    No further copies of such entire source code portions shall be made; and

       iv)    If counsel desires to store and access such source code at a secure facility at a location other than the offices of outside counsel of record, counsel shall propose in writing to outside counsel of record for the designating party the

precise location of the proposed secure facility.  Source code shall not be taken to such new facility unless approved by the designating party.

13. Any individual who actually receives or accesses material of another party or third party designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE pursuant to this Protective Order shall refrain from prosecuting, supervising, or assisting in the preparation or prosecution of:

a) any patent application(s) on behalf of Teleshuttle (which includes BTG, Teleshuttle's affiliates, or Richard Reisman) in the subject matter of "Software Products" as defined below, (including but not limited to the patents in suit, and any divisionals, counterparts, continuations, continuations in part, or parents) during the pendency of this action and for a period of twenty-four (24) months from the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement, or otherwise, and

b) any patent application(s) on behalf of Microsoft in the subject matter of "Software Products" as defined below, during the pendency of this action and for a period of twenty-four (24) months from the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement, or otherwise, and

c) any patent application(s) on behalf of any party or third party in the subject matter of software updating, active desktop, and/or offline browsing technologies, (including but not limited to the patents in suit, and any divisionals, counterparts, continuations, continuations in part, or parents) during the pendency of this action and for a period of twenty-four (24) months from the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement, or otherwise.

"Software Products," for the purposes of this Protective Order, shall refer to software applications, including, without limitation, operating systems.

These prohibitions, however, will not preclude participation by counsel in any reissue, interference or reexamination proceedings.

Outside counsel for Teleshuttle and Microsoft shall put in place an internal screen within their respective firms that prohibits any communications regarding the subject matter of this

1  litigation between, on the one hand, outside counsel (if any) who are prosecuting, supervising or

2  assisting in the preparation or prosecution of patents for Teleshuttle (which includes BTG,

3  Teleshuttle's affiliates, or Richard Reisman) and Microsoft, and, on the other hand, persons who

4  receive access to "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or

5  "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials.

6        14.     Nonparty experts or consultants may become qualified to receive material designated

7  under the Order in accordance with the following procedure:

8        a)     Counsel for any party proposing any such person shall submit to outside counsel of

9               record for other parties (and also to third parties in the event the nonparty expert or

10              consultant will have access to designated material produced by such third parties

11              under this Order) a copy of an Undertaking in the form attached as Exhibit A signed

12              by such person, a current resume or curriculum vitae for such person, a full

13              description of all of his or her employment (including any independent contractor or

14              other type of consulting) for the previous five (5) years, and a full description of all of

15              his or her employment (including any independent contractor or other type of

16              consulting) for or against any opposing party in this action at any time.  The original

17              of each such Undertaking shall be maintained by counsel proposing the expert;

18        b)    Unless any other counsel shall notify proposing counsel of its objection to any such

19              proposed person, and the basis therefore, within seven (7) business days after the

20              receipt of a copy of the Undertaking referred to in subparagraph (a) above, such

21              person shall thereafter be deemed a qualified recipient and entitled to receive material

22              pursuant to the terms and conditions of the Protective Order;

23        c)    Counsel for the receiving party may in good faith request additional information from

24              the proposing counsel.  If so, the seven (7) business day period for objection shall be

25              tolled until the proposing party responds; and

26        d)    **In the event of a dispute over access to designated materials by a party's expert or consultant,** ~~Should any counsel timely notify proposing counsel of its objection to any such~~

27              ~~proposed person and of the basis for its objection in accordance with subparagraph~~

28              ~~(b) above, or if any counsel requests additional information pursuant to subparagraph~~

                                              8                           [~~PROPOSED~~] PROTECTIVE ORDER
                                                                          Case No. C 04-2927 JW (HRL)

1      ~~(c) more than twice and the proposing counsel thereafter requests a meet and confer,~~

2              the parties shall promptly meet and confer and attempt to resolve the issue.  If the

3              issue is not resolved through the meet and confer, then the proposing party may file a

4              motion to propose such access.  However, proposing counsel shall not disclose

5              material designated under this Protective Order to such proposed person before the

6              expiration of the time for objection or before the resolution of any such objection by

7              the parties or the Court.  There shall be a reasonable basis for such objection.

8          15.     Each recipient of designated materials shall maintain such material in a secure, safe

9  area and shall exercise the same standard of care with respect to the storage, custody, use and

10 dissemination of such material as is exercised by the recipient with respect to its own confidential

11 and proprietary material. **However, nothing in this order is intended to affect the normal record keeping policies of the Court.**

12         16.     Except upon consent of the designating party or upon order of the Court, any and all

13 designated materials produced, served or otherwise made available during the course of this action,

14 together with all reproductions, copies, excerpts, abstracts, indices, compilations or summaries of

15 those materials, and including testimony, conversations, or presentations that might reveal

16 designated material, shall be used only for preparation and presentation of this action and for no

17 other purpose whatsoever, except that materials produced and designated by Teleshuttle, Microsoft,

18 or Third Parties may also be used in connection with Case No. C04-2928-JW (HRL), subject to the

19 terms of this Order.

20         17.     A party or non-party that seeks to file under seal any designated materials must

21 comply with Civil L.R. 79-5.  Each party or non-party that designates information or items for

22 protection under this Order must take care to limit any such designation to specific material that

23 qualifies under the appropriate standards.  A designating party must take care to designate for

24 protection only those parts of material that qualify so that other portions of the material for which

25 protection is not warranted are not swept unjustifiably within the ambit of this Order.  To the extent

26 any briefs, interrogatory responses or expert reports in this action are designated "CONFIDENTIAL-

27 OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this protective order, the designating party

28 shall serve with the designated version (or within the next forty-eight hours), redacted versions such

1   that non-outside attorneys' eyes only information may be promptly reviewed by appropriate party

2   personnel.  To the extent a receiving party is dissatisfied with the extent of the redactions, a

3   receiving party may propose a revised redacted version to the designating party's counsel, and the

4   designating party must respond with two days with either an acceptance of the revised redacted

5   version or an explanation as to why the revised redaction version is not accepted (the explanation

6   may include an acceptance of some but not all proposed revisions to the redactions).  If the resulting

7   redacted materials are not believed sufficient, **and good faith meet/confer negotiations do not resolve the dispute,** the receiving party may apply for relief from the

8   Court, and the designating party shall bear the burden of persuasion with respect to the justification

9   for maintaining redactions that are challenged.

10          18.    A party's production of confidential material without any designation or with an

11  inaccurate or less restrictive designation shall not be deemed a waiver of confidentiality with regard

12  to the information disclosed or inaccurately designated.  The designating party must provide written

13  notice of same and send newly designated replacement copies of such materials to the parties who

14  previously received them.  All recipients of such replacement materials must cooperate in order to

15  return and/or destroy the materials previously produced and such cooperation will not be argued or

16  deemed to be a concession that any designation by the designating party was appropriate.

17          19.    Should any designated material be disclosed, through inadvertence or otherwise, to a

18  person or party not authorized under this Order, then the disclosing party shall use its best efforts to

19  bind such person or party to the terms of this Order within seven (7) calendar days; and the

20  disclosing party shall (a) identify such person immediately to the party that designated the document

21  as confidential; (b) promptly inform such person of the provisions of this Order; (c) request such

22  person to sign the agreement in the form attached hereto as Exhibit A; (d) promptly provide that

23  signed agreement to the designating party; and (e) use its best efforts to retrieve the designated

24  information within seven (7) calendar days and prevent any unauthorized use.  The actions provided

25  by this paragraph of the Order are without prejudice to any rights and remedies of the designating

26  party, and any actions taken by the disclosing party to comply with this paragraph shall not be

27  argued as a concession of liability or admission by the disclosing party.

28

1       20.     Nothing in this Order shall be construed to prevent a party from opposing the
2    designation or production of materials at any time during the course of this litigation.  A party
3    opposing a designation shall serve a written objection, including a statement of the grounds for the
4    objection, on the designating party.  The designating party will have ten (10) business days
5    following the receipt of the objection to meet and confer with the objecting party and modify or
6    withdraw its designation.  If the designation is not modified or withdrawn, **and good faith meet/confer negotiations do not resolve the dispute,** the objecting party may
7    promptly move the Court for an order modifying or removing the designation.  On such a motion,
8    the designating party shall bear the burden of proof to justify the disputed designation.  Failure to so
9    object or move shall not constitute an admission that the material was properly designated.
10      21.     Nothing in this Order shall be construed as requiring disclosure of privileged
11   materials, materials subject to protection under the work product doctrine, or materials that are
12   otherwise beyond the scope of permissible discovery.
13      22.     If information subject to a claim of attorney-client privilege, work-product immunity,
14   or any other applicable claim of privilege or immunity is inadvertently produced, such production
15   shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege
16   or immunity for such information.  If a party has inadvertently produced material subject to a claim
17   of immunity or privilege, then within seven (7) calendar days following that party's written request
18   identifying the material for which a claim of inadvertent production is made, that material shall be
19   returned and all copies or reproductions of that material that may have been made shall be destroyed.
20   The party returning such information may move the Court for an Order compelling production of
21   such information, but the motion shall not assert as a ground for production the fact or circumstances
22   of the inadvertent production.
23      23.     Nothing in this Order or any productions or designations of materials under this Order
24   shall be construed to prevent a designating party from seeking further protections for confidential
25   material, or ~~modifying~~ **modification of** this Order, as may be appropriate.
26      24.     The designation or non-designation of any material under this Order shall not be
27   admissible as evidence in any litigation for any purpose.
28

25. Nothing in this Order or any productions or designations of materials under this Order shall be construed as a waiver by any party of any objections that might be raised as to the admissibility of any material at trial.

26. Nothing in this Order shall bar or otherwise restrict counsel to the parties from rendering advice to their clients with respect to this litigation and, in the course thereof, referring to or relying upon examination of information designated pursuant to this Order, so long as the content of the designated information is not disclosed.

27. This Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court. **The Court will retain jurisdiction for a period of six months after the final disposition of this action to enforce the terms of this protective order.**

28. If a party that received designated material is served with a subpoena or an order issued in other litigation that would compel disclosure of any material designated confidential by a designating party, the receiving party must so notify the designating party in writing (by fax, if possible) immediately, in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue and present an objection to production of any materials designated for protection under this Order. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

29. Unless counsel agree otherwise in writing, upon final disposition of this action, receiving counsel (and all persons**, other than the Court and its personnel,** who have received designated materials, including consultants,

1  etc.) shall either destroy (or cause to be destroyed) or return promptly all (a) documents which are
2  designated and (b) copies made thereof, including copies provided to other persons.
3  Notwithstanding the foregoing, counsel of record shall be permitted to retain attorney work product
4  and one file copy of all court filings, including materials made part of the trial record or which have
5  been filed under seal with the Clerk of the Court, and one copy of all depositions (and exhibits) and
6  any notes or memoranda relating thereto.  Such materials must continue to be maintained under the
7  terms of this Protective Order.

8     30.   Nothing herein shall restrict a designating party with respect to its own treatment and
9  handling of its own designated information.  Thus, nothing herein shall restrict a designating party
10 from having access to its own designated information that it designated or produced in discovery or
11 from having access to portions of any derivatives, abstracts, briefs, memoranda, reports, or testimony
12 that refer to the designating party's own designated materials that it designated or produced in
13 discovery.  For example, a designating party shall be permitted to have access to portions of any
14 expert reports, testimony or court filings that address the designating party's own materials.  The
15 receiving party may prepare appropriate redacted versions of materials designated under this Order
16 that refer to a designating party's own information to allow a designating party to have access to
17 materials that refer to the designating party's own information.

18    31.   Nothing herein shall prohibit counsel for a party in this action from disclosing a
19 document or information that constitutes designated information to a person identified as an author,
20 addressee (including blind carbon copy addressee), or recipient of such document or information, or
21 from disclosing information or testimony relating to a conversation or meeting to which the person is
22 identified as a participant. Additionally, any document or information that constitutes designated
23 information may be shown, by counsel for a party in this action, to any current employee, consultant,
24 expert witness, or representative of the party that produced the document or information so
25 designated, during the deposition of that current employee, consultant, expert witness, or
26 representative.  Also, any document or information that constitutes designated information may be
27 shown to any former employee, consultant, expert witness, or representative of the party that
28 produced the document or information so designated, during the deposition or other testimony of

13  [~~PROPOSED~~] PROTECTIVE ORDER
Case No. C 04-2927 JW (HRL)

1  that former employee, consultant, expert witness, or representative, if the document or information

2  so designated was in existence during the period of such individual's relationship with the disclosing

3  party.  A document that constitutes designated information that contains handwriting may be shown

4  to a deposition witness for the purpose of determining whether the deposition witness is the author of

5  the document, provided that counsel establishes through the deposition testimony of the witness a

6  reasonable and ~~goof~~ **good** faith basis for believing that the handwriting was or could have been authored

7  by the deposition witness, and provided that the counsel takes reasonable steps to ensure that no

8  unnecessary disclosure of designated information takes place (e.g., by showing the deposition

9  witness a limited sample of the handwriting at issue).

10        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11        By his signature below, counsel for plaintiffs avers that counsel for defendant concurred in

12  the filing of this document.

13  Dated:  June 2, 2005        Dated:  June 2, 2005

15  By:   s/                                            By:   s/
   Robert F. McCauley, (State Bar No. 162056)   Michael J. Bettinger (State Bar No. 122196)
16  Robert.mccauley@finnegan.com   mikeb@prestongates.com
   FINNEGAN, HENDERSON, FARABOW,   Timothy P. Walker (State Bar No. 105001)
17    GARRETT & DUNNER, L.L.P.   timothyw@prestongates.com
   Stanford Research Park   Elaine Y. Chow (State Bar No. 194063)
18  700 Hansen Way   echow@prestongates.com
   Palo Alto, California  94304   PRESTON GATES & ELLIS LLP
19  Telephone:  (650) 849-6600   55 Second Street, Suite 1700
   Facsimile:  (650) 849-6666   San Francisco, CA 94105
20    Telephone:  (415) 882-8200
   Attorneys for Plaintiffs   Facsimile:  (415) 882-8220
21  TELESHUTTLE TECHNOLOGIES, LLC,
   TELESHUTTLE CORPORATION, and   Attorneys for Defendant
22  BTG INTERNATIONAL INC.   MICROSOFT CORPORATION

23        **(AS MODIFIED BY THE COURT)**
   PURSUANT TO STIPULATION, IT IS SO ORDERED.
24        ^

26  DATED:  _____**June 14**__, 2005

         /s/ Howard R. Lloyd
27        THE HONORABLE ~~JAMES WARE~~ **HOWARD R. LLOYD**
         UNITED STATES ~~DISTRICT~~ JUDGE
28        **MAGISTRATE**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TELESHUTTLE TECHNOLOGIES, LLC, TELESHUTTLE CORPORATION, and BTG INTERNATIONAL INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | CASE NO. C04-2927-JW <br><br> **EXHIBIT A TO PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS** <br><br> Undertaking By Non-Parties Designated Under Paragraph 13 |

I, _____, state the following:

1. I have been retained by _____ [party] to serve as an expert or consultant in the above-captioned action.

2. I have read and understand the Protective Order ("Order") to which this Exhibit A is annexed and I attest to my understanding that access to material designated as CONFIDENTIAL, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY and CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and to be subject to the Court's jurisdiction, both with respect to this Court's powers of supervision of the litigation of the above-captioned action and contractually to any designating party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality Agreement and Undertaking.

EXHIBIT A

3.    I shall not disclose or reveal to anyone except the Court and the parties any confidential information or code given to me designated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE under the terms of the Order.

4.    I shall not use nor disclose any material designated CONFIDENTIAL, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE to others, except for purposes of providing my consulting and/or testifying expertise in this action and then solely in accordance with the Order.  I understand that counsel for the designating party shall then have seven (7) business days from receipt of my written notice to inform me whether the designating party objects to my engagement. Nothing in this Exhibit A shall prevent me from using otherwise legally obtained information.  I also understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Order, I shall be subject to sanctions by way of contempt of court, and to separate legal and equitable recourse by the adversely affected designating party.

_____
Signature

_____
Printed Name

_____
Address

EXHIBIT A TO  PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS
Case No. C 04-2927-JW

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TELESHUTTLE TECHNOLOGIES, LLC, TELESHUTTLE CORPORATION, and BTG INTERNATIONAL INC., <br><br>Plaintiffs, <br><br>v. <br><br>MICROSOFT CORPORATION, <br><br>Defendant. | CASE NO. C04-2927-JW <br><br>**EXHIBIT B TO PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS** <br><br>Undertaking of Party Employees Designated Under Paragraph 10(e) |

I, _____, state the following:

1. I have read and understand the Protective Order ("Order") to which this Exhibit B is annexed (and whose definitions are incorporated herein), and I attest to my understanding that access to material designated as CONFIDENTIAL, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY and CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE may be provided to me and that such shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and to be subject to the Court's jurisdiction, both with respect to this Court's powers of supervision of the litigation and contractually to any designating party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality Agreement and Undertaking.

1  2.  I shall not use or disclose to others, except in accordance with the Order, any material designated CONFIDENTIAL, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE.  If I fail to abide by the terms of this Confidentiality Agreement or the Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected designating party.

_____
Signature

_____
Printed Name

_____
Address

2

EXHIBIT B TO PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS
Case No. C 04-2927-JW