**\*E-FILED ON 11/29/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TELESHUTTLE TECHNOLOGIES LLC, TELESHUTTLE CORPORATION, and BTG INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | No. C04-02927 JW (HRL) <br><br> **ORDER GRANTING MICROSOFT'S MOTION TO STRIKE IMPROPER CHANGES TO THE DEPOSITION TESTIMONY OF RICHARD REISMAN** <br><br> **[Re: Docket No. 134]** |

On November 29, 2005, this court heard the "Motion to Strike Improper Changes to the Deposition Testimony of Richard Reisman" filed by defendant Microsoft Corporation. Plaintiff Teleshuttle[1] opposed the motion. Upon consideration of the papers presented, as well as the arguments of counsel, the court issues the following order.

In this action, Teleshuttle claims that Microsoft infringes U.S. Patent Nos. 6,125,388; 6,658,464; and 6,611,862 (collectively, "patents-in-suit"). In April 2005, Microsoft served a notice for the Fed. R. Civ. P. 30(b)(6) deposition of Teleshuttle on topics related to, among other things, conception and reduction to practice of the claimed invention(s). Teleshuttle designated Richard Reisman, the named inventor of all the patents-in-suit, to testify on its behalf. Reisman's deposition

---

[1] For convenience, the court refers to all plaintiffs collectively as "Teleshuttle."

testimony was conducted over two days in August 2005. Microsoft now moves to strike forty-five of the eighty-five changes Reisman later made to his testimony on grounds that they (1) are untimely and (2) substantively change or contradict his original testimony.

Preliminarily, Teleshuttle argues that this court should deny the instant motion (or not entertain it at all), asserting that Microsoft failed to adequately meet/confer on the disputed issues. The record presented indicates that there was some meet/confer effort before the motion was filed, although those negotiations appear to have been less than satisfactory. Indeed, it seems that those negotiations consisted of little more than one brief telephone conversation and the exchange of a few voicemail messages. Nevertheless, further meet/confer negotiations which took place after the motion was filed did not resolve the dispute; and, based upon the parties' stated positions, it seems that any further meet/confer efforts now would be unavailing. Counsel are nonetheless reminded that the Civil Local Rules contemplate meaningful meet/confer efforts to resolve disputes before seeking judicial intervention. *See* CIV. L. R. 37-1(a); *see also* CIV. L. R. 1-5(n).

Microsoft first argues that Reisman's changes to his deposition testimony are untimely and therefore, procedurally improper. Fed. R. Civ. P. 30(e) states, in relevant part:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have *30 days after being notified* by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them.

FED. R. CIV. P. 30(e) (emphasis added). Nonetheless, "[m]issing the thirty day deadline by a mere day or two might not alone justify excluding the corrections in every case." *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 (9th Cir. 2005) (finding that the court has discretion whether to strictly enforce the 30 day requirement). In the instant case, the deposition transcript was made available on September 1, 2005, and Reisman's changes were therefore due no later than October 3, 2005.[2] FED. R. CIV. P. 30(e). Reisman apparently executed an errata sheet on October 3, 2005. Teleshuttle represents to the court that (1) Reisman's October 3, 2005 errata sheet contained additional handwritten interlineations; (2) Teleshuttle's counsel incorporated those

---

[2] Here, the thirtieth day fell on a Saturday. Thus, the period for compliance ran through Monday, October 3, 2005. *See* FED. R. CIV. P. 6(a).

1   handwritten changes into a typed version; and (3) Reisman re-executed the conformed errata sheet on
2   October 4, 2005.  The record presented indicates that both the October 3, 2005 errata sheet and the
3   October 4, 2005 errata sheet were served on Microsoft on October 4, 2005.  (Coyne Decl., Ex. A).
4   The October 4, 2005 errata sheet submitted by Teleshuttle does not differ in substance from the
5   October 3, 2005 errata sheet.  In any event, Microsoft has not been prejudiced by the delay.
6   Accordingly, the court declines to strike Reisman's changes as untimely.

7   Microsoft nonetheless argues that forty-five of Reisman's changes are improper because they
8   substantively change or contradict his original testimony.  While Fed. R. Civ. P. 30(e) permits
9   deponents to make "changes in form or substance," the Ninth Circuit has held that "Rule 30(e) is to be
10  used for *corrective, and not contradictory, changes*."  *Hambleton*, 397 F.3d at 1225-26
11  (emphasis added).  Teleshuttle argues that *Hambleton* should be construed narrowly and applied only
12  in the summary judgment context, where substantive changes to a deposition transcript might be used
13  as a "sham" to create an issue of fact.  However, in concluding that Fed. R. Civ. P. 30(e) does not
14  permit substantive "changes offered solely to create a material factual dispute," the Ninth Circuit
15  agreed with the reasoning of other courts that:

> Rule [30(e)] cannot be interpreted to allow one to alter what was said under oath.
> If that were the case, one could merely answer the questions with no thought at all
> then return home and plan artful responses.  Depositions differ from interrogatories
> in that regard.  *A deposition is not a take home examination*.

19  *Id.* at 1225 (internal quotations and citations omitted) (emphasis added).  Although Teleshuttle urges
20  this court to follow a number of contrary decisions from other districts and circuits, none of those
21  decisions are binding upon this court.

22  Reisman characterizes the reasons for the disputed changes as: (1) "Clarification," (2)
23  "Misspoke," (3) "Misunderstood the question," (4) "Speculative," (5) "No basis to make the
24  additional statements," (6) "Correction," or (7) "Recalled additional information in reviewing
25  transcript."

26  In thirty-five instances, Reisman "clarifies" his original testimony by:
27      (1)  adding new answers;
28      (2)  limiting or qualifying his testimony either

3

(a) with new phrases such as "in this context," "at least in this example," or "in some cases," or

(b) by deleting parts of his original answer; or

(3) attempting to make his answers more vague by either

(a) broadening them with phrases such as "in many situations" and "as a way," or

(b) changing "same" to "pretty much the same," "other than" to "in addition to," or "Yes" to "Yes, at the latest."

(*See* Mot., App. A). Sometimes, in fact, the "clarification" outright contradicts his original answer by changing (1) "Yes" to "No" or "In part"; (2) "No" or "[C]an't recall" to "Yes"; (3) an actual or affirmative answer to "I don't recall" or "Not really"; or (4) one answer to another answer having the opposite meaning. Accordingly, all thirty-five "[c]larifications" substantively change or contradict Reisman's original deposition testimony.

On four other occasions, Reisman claims that he "[m]isspoke." In the first two instances, Reisman changes his testimony about his relationship with a "business associate." (Mot., App. A at 3). He now claims that the business associate was "also" his attorney. (*Id*.). In two other instances, Reisman changes "Yes" to "No" or deletes part of his answer. Deleting part of an answer, on its face, substantively changes the scope of an answer. Therefore, all these changes substantively change or contradict Reisman's original testimony.

Reisman also changes two additional answers, asserting that he "[m]isunderstood the question." In these two instances, Reisman changes his answer from "Yes" to "No" and "No" to "Yes." Such changes are blatantly contradictory and improper.

On the ground that his original answer was "[s]peculative" or that he had "[n]o basis to make the additional statements" in his original testimony, Reisman deletes parts of two answers. Again, on its face, deleting parts of an answer substantively changes the answer.

Finally, in two other instances, Reisman attempts to change answers because (1) it was a "[c]orrection" or (2) he had "[r]ecalled additional information in reviewing [the] transcript." These changes are improper because they attempt to add substantive information pertaining to a particular person's status as an attorney or whether certain payments were made to Reisman.

Having carefully reviewed Reisman's deposition testimony, this court finds that all forty-five of the disputed changes are impermissible because they appear to substantively change or contradict Reisman's original testimony. Accordingly, Microsoft's motion to strike these forty-five changes[3] is GRANTED.

Dated: November 29, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3]   See Appendix.

**Appendix**

The forty-five disputed changes stricken are as follows:

Reisman August 18-19, 2005 Deposition
Transcript Page Number:Line Number(s)

| | |
|---|---|
| 33:4 | 209:21-22 |
| 35:9 | 259:6 |
| 43:8 | 261:2 |
| 44:17 | 261:10 |
| 47:24 | 266:13 |
| 50:6 | 266:17 |
| 50:10 | 266:24 |
| 59:16 | 279:11 |
| 65:15 | 279:22 |
| 65:18 | 282:9 |
| 83:20 | 296:3-4 |
| 94:13-14 | 298:2-4 |
| 97:2-3 | 313:24-25 |
| 98:22 | 328:18 |
| 100:6 | 329:5-6 |
| 103:14 | 350:19 |
| 109:5 | 350:21 |
| 109:25 | 365:2 |
| 114:12 | 367:19 |
| 117:24 | 368:22-23 |
| 152:9 | 369:17 |
| 160:16-18 | 375:22 |
| 161:19-20 | |

**5:04-cv-2927 Notice will be electronically mailed to:**

Jeffrey A. Berkowitz jeffrey.berkowitz@finnegan.com, Ashley.cheung@finnegan.com

Michael J. Bettinger mikeb@prestongates.com, perryb@prestongates.com; catherinep@prestongates.com; dinaf@prestongates.com

Elaine Y. Chow echow@prestongates.com, perryb@prestongates.com; catherinep@prestongates.com

Patrick J. Coyne patrick.coyne@finnegan.com,

Christopher P. Isaac chris.isaac@finnegan.com, jeffrey.totten@finnegan.com

Lionel M. Lavenue lionel.lavenue@finnegan.com,

Robert F. McCauley robert.mccauley@finnegan.com, dawn.salazar@finnegan.com; molly.melcher@finnegan.com; matthew.tueller@finnegan.com; karen.reimer@finnegan.com

Samir N. Pandya samir.pandya@klarquist.com, elizabeth.super@klarquist.com

Myra Pasek myrap@prestongates.com

Timothy P. Walker timothyw@prestongates.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.